WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dawnelle O'Brien; Larry Clark, | No. CV-12-1334-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| City of Phoenix; Frontier Airlines Inc., | |
| Defendants. | |

The court has before it plaintiffs' motion to remand (doc. 6), defendants' response (doc. 7),[1] and plaintiffs' reply (doc. 8).

**I.**

Plaintiffs filed this action in state court against the City of Phoenix and Frontier Airlines for state law claims of premises liability and negligence. Plaintiff Dawnelle O'Brien, who is legally blind, was on a Frontier Airlines flight that arrived in Phoenix at Sky Harbor International Airport on June 8, 2011. She alleges that she tripped, fell, and was injured when she stepped off of the airplane onto the jetway because the jetway was improperly aligned with the airplane. Defendants removed the action on the basis of federal question jurisdiction, asserting that the state law claims are preempted by the Air Carrier Access Act, which defendants contend are rules that exclusively govern airline standards for

---

[1] Plaintiffs incorrectly argue that defendants filed their response to the motion to remand late. The motion was filed on June 29, 2012. Under LRCiv 7.2(c), a response is due 14 days after the motion is filed. Under Rule 6(d), Fed. R. Civ. P., an additional 3 days is added for service. Defendants' response was due on July 16, and it was filed on July 16.

assisting passengers with disabilities. See 49 U.S.C. § 41705. Plaintiffs seek to remand this action, arguing that their state law claims are not preempted by federal law.

**II.**

The Federal Aviation Act ("FAA") and its corresponding regulations were promulgated to establish safety rules for the airline industry. The Air Carrier Access Act ("ACAA"), which prohibits discrimination against disabled individuals, was enacted as an amendment to the FAA. 49 U.S.C. § 41705. The ACAA is intended "to ensure non-discriminatory treatment of qualified handicapped individuals consistent with safe carriage of all passengers on air carriers." Pub. L. No. 99-435, § 2(a), 100 Stat. 1080 (1986). The ACAA requires, in part, that an airline (1) "promptly provide or ensure the provision of assistance requested by or on behalf of passengers with a disability . . . in enplaning and deplaning," and (2) provide "the services of personnel and the use of ground wheelchairs, accessible motorized carts, boarding wheelchairs, and/or on-board wheelchairs." 14 C.F.R. § 382.95(a).

The ACAA does not expressly provide a private cause of action, and we conclude that no private right of action should be implied. In Alexander v. Sandoval, 532 U.S. 275, 121 S. Ct. 1511 (2001), the Supreme Court strictly curtailed the authority of courts to recognize implied rights of action, requiring that a review of the text and structure of a statute evidence a clear manifestation of congressional intent to create a private cause of action before a court can find such a right to be implied. "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." Id. at 286-87, 121 S. Ct. at 1519. "[L]egal context matters only to the extent it clarifies text." Id. at 288, 121 S. Ct. at 1520. Every Circuit that has considered the issue since Sandoval has found no congressional intent to create a private cause of action. See, e.g., Lopez v. Jet Blue Airways, 662 F.3d 593, 597 (2d Cir. 2011); Boswell v. Skywest Airlines, Inc., 361 F.3d 1263, 1269-71 (5th Cir. 1991); Love v. Delta Air Lines, 310 F.3d 1347, 1354-60 (11th Cir. 2002). We agree that the text and structure of the ACAA manifest no congressional intent to create a private right of action in a federal district court.

1 The ACAA empowered the Department of Transportation ("DOT") to issue 2 regulations to ensure nondiscriminatory treatment of disabled passengers. The statute 3 provides a comprehensive administrative enforcement scheme whereby an individual must 4 file a complaint with the DOT. Judicial review of the DOT's decision is available in the 5 United States Courts of Appeals. 49 U.S.C. §§ 46101(a)(1), 41705, 46110; 14 C.F.R. §§ 6 382.151-53. The ACAA's comprehensive enforcement scheme "belies any congressional 7 intent to create a . . . private right to sue in a federal district court." Love, 310 F.3d at 1354.

8 Because we conclude that there is no private right of action under the ACAA, 9 plaintiffs' claims cannot be asserted here. "[A] defendant may remove a case only if the 10 claim could have been brought in the federal court." Merrell Dow Pharm. Inc. v. Thompson, 11 478 U.S. 804, 808, 106 S. Ct. 3229, 3232 (1986); 28 U.S.C. § 1441(a). No matter how we 12 would decide the preemption issue, we would have to dismiss. If there is preemption, we 13 would dismiss and plaintiff would have to go to the DOT. If there is no preemption, we 14 would have to dismiss and plaintiff would have to go to state court. Because this case could 15 not have been brought in this court even if the claims are preempted, we remand the action 16 to the court that can decide the claims if not preempted. To the extent that the state court 17 determines that the claims are preempted, plaintiffs' remedy is with the Department of 18 Transportation. To the extent the state court decides the claims are not preempted, the claims 19 are properly before the state court. Of course, the preemption issue arises under federal law 20 and therefore certiorari would lie in the United States Supreme Court.

### III.

22 **IT IS ORDERED GRANTING** plaintiffs' motion for remand (doc. 6). This action 23 is remanded to the Superior Court of Arizona in Maricopa County.

24 DATED this 4th day of October, 2012.

Frederick J. Martone
Frederick J. Martone
United States District Judge